```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                       No. 01-20156-04-Ma(G)

GEROME BATES,

    Defendant.

ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 3582

      On July 12, 2004, defendant Gerome Bates, Bureau of Prisons inmate registration number 17853-076, who is currently an inmate at the Federal Correctional Institution in Petersburg, Virginia, filed a motion in his closed criminal case, entitled "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(b)(3)." The motion seeks a new sentencing hearing in light of the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

      On June 12, 2001, a federal grand jury returned a five-count indictment against Bates and six codefendants. Bates was named in count one, which charged that he conspired with three codefendants and with other persons to possess with the intent to distribute, and to distribute, in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and in count four, which charged him with attempting to possess

approximately six kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846.

Pursuant to a written plea agreement, Bates appeared before then-District Judge Julia Smith Gibbons on October 19, 2001 to plead guilty to count one of the indictment. Judge Gibbons conducted a sentencing hearing on January 15, 2002, at which time Bates was sentenced to one hundred (100) months imprisonment, to be followed by a four-year period of supervised release. Judgment was entered on January 18, 2002. The United States Court of Appeals for the Sixth Circuit affirmed. United States v. Gross, et al., 77 Fed. Appx. 338 (6th Cir. Oct. 2, 2003).

In the instant motion, Bates seeks a new sentencing hearing in light of Blakely.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal criminal sentence. Bates cites 18 U.S.C. § 3582(b)(2), which states as follows:

> Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> . . . .
>
> (2) corrected pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure and section 3742;
>
> . . . .
>
> A judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

Nothing in this provision constitutes an affirmative grant of authority to a district court to modify a criminal sentence in light of a new Supreme Court decision. Rule 35(a) of the Federal Rules of Criminal Procedure allows for correction of clear error in a sentence, but only within seven days of judgment. Moreover, 18 U.S.C. § 3742 concerns review of criminal sentences on direct appeal. Accordingly, 18 U.S.C. § 3582(b)(2) does not authorize the Court to grant the relief sought by this defendant. See United States v. Washington, No. 97-2160, 1998 WL 898878 (6th Cir. Dec. 17, 1998) (§ 3582(b)(2) did not authorize district court to modify restitution order).

A district court's authority to modify an imposed term of imprisonment is contained in 18 U.S.C. § 3582(c), which states as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made

>>by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) are applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35, nor any federal statute, authorizes the Court to modify Bates's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2). Nothing in 18 U.S.C. § 3582(c) authorizes a defendant to move the sentencing court for a modification of his sentence pursuant to a new Supreme Court decision.

Accordingly, the Court DENIES the motion for modification of the defendant's sentence pursuant to 18 U.S.C. § 3582.

As no reasonable jurist could disagree that this court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 30th day of January, 2006.

                                        s/ SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE