```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                        No. 01-20156-04-Ma(G)

GEROME BATES,

    Defendant.

ORDER DENYING MOTION TO CONVERT MOTION
PURSUANT TO 28 U.S.C. § 3582
AND
ORDER DENYING MOTION FOR RECONSIDERATION

On July 12, 2004, defendant Gerome Bates, Bureau of Prisons inmate registration number 17853-076, who is currently an inmate at the Federal Correctional Institution in Petersburg, Virginia, filed a motion in his closed criminal case, entitled "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(b)(3)," which sought a new sentencing hearing in light of the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). The Court issued an order denying that motion on January 30, 2006.

On September 2, 2005, Bates, through counsel, filed a motion seeking to convert his motion pursuant to 18 U.S.C. § 3582 to a motion pursuant to 28 U.S.C. § 2255. Bates, through counsel, filed a memorandum in support of that motion on September 22, 2005.

On February 8, 2006, Bates filed a motion seeking reconsideration of the order denying his motion pursuant to 18 U.S.C. § 3582.

Considering the September 2, 2005 motion, it is not clear that the Court has the authority to convert the § 3582 motion to a § 2255 motion under these circumstances. The decisions in Castro v. United States, 540 U.S. 375 (2003); Martin v. Perez, 319 F.3d 799, 805 (6th Cir. 2003); and In re Shelton, 295 F.3d 620, 622 (6th Cir. 2002), discourage district courts from converting filings by prisoners to § 2255 motions. The unpublished decision in Cook v. United States, No.97-5529, 1998 WL 69784 (6th Cir. Feb. 10, 1998), predates these decisions and, to the extent it might support the position urged by Bates, is no longer good law .[1]

A one-year statute of limitations governs the filing of § 2255 motions. Paragraph 6 of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

---

[1] Counsel is reminded that, pursuant to Local Rule 83.6, copies of unpublished decisions must be attached to the legal memorandum.

>   Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). In this case, the Sixth Circuit issued its decision on direct appeal on October 2, 2003, and the time for filing a petition for a writ of certiorari expired ninety days later, on December 31, 2003. Bates's motion to convert his § 3582 motion to a § 2255 motion was filed on September 2, 2005, more than eight months after the expiration of the one-year limitations period.[2] Thus, as counsel recognizes, granting Bates's

---

[2] Because the motion was filed by counsel, Bates is not entitled to the benefit of Houston v. Lack, 487 U.S. 266 (1988).

Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. Bates has no valid argument that the third subsection is applicable here, and that the limitations period began running on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In Tyler v. Cain, 533 U.S. 656, 662 (2001), the Supreme Court held that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactively applicable to cases on collateral review. Because the Supreme Court did not hold that Booker is retroactively applicable to cases on collateral review, the third subsection is inapplicable and, therefore, the
(continued...)

motion would, in effect, extend the one-year § 2255 limitations period. Bates has cited no authority for the proposition that the Court is able to grant that relief.[3]

Because the defendant did not make his request until after the limitations period had expired, the Court DENIES the defendant's motion to convert his § 3582 motion to a motion pursuant to 28 U.S.C. § 2255.

In his motion filed on February 8, 2006, the defendant seeks reconsideration of the January 30, 2006 order denying relief under 18 U.S.C. § 3582 on the ground that the Court did not take into account the motion to convert the § 3582 motion to a § 2255 motion. Nothing in the February 8, 2006 filing provides any basis for reconsideration of the holding that this prisoner is not entitled to relief pursuant to § 3582. Therefore, the Court DENIES the motion for reconsideration.

Because no reasonable jurist could disagree that this Court lacks the authority to grant the relief sought by the defendant, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any

---

[2] (...continued)
limitations period began to run when Bates's conviction became final.

[3] The decision in Cook did not encourage district courts to convert § 3582 motions whenever it might benefit a defendant. To the contrary, the Sixth Circuit stated that "we will not allow Cook to subvert AEDPA through (1) his labeling his filing a § 3582 motion; (2) his acceptance of the benefits of the liberal-construction rule if he has a winning § 2255 claim; but (3) his avoidance of the bite of AEDPA if he does not have a winning claim and is held to have been proceeding under § 3582." Cook, 1998 WL 69784, at *1.

appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 16th day of March, 2006.


                                s/ SAMUEL H. MAYS, JR.
                                UNITED STATES DISTRICT JUDGE



01-20156.Order.wpd